## Case No. 2,117.

### BULKLEY et al. v. BUFFINGTON.

[5 McLean, 457.] [1]

Circuit Court, D. Ohio. April Term, 1853.

FRAUDULENT CONVEYANCES — EVIDENCE OF FRAUD —DEED—DELIVERY.

1. When a deed was executed for land in 1799, to the son-in-law of the grantor, who was insolvent, and who shortly after took the benefit of the bankrupt law of 1800, and placed the same land on his schedule, which was sworn to, and no claim being made under the deed, nor taxes paid for fifty years, the court instructed the jury these were strong circumstances of fraud.

2. The delivery of a deed by the grantor to the recorder, may, under favorable circumstances, be considered a delivery, but it is not conclusive.

[See Younge v. Guilbeau, 3 Wall. (70 U. S.) 636; Parmelee v. Simpson, 5 Wall. (72 U. S.) 81; Buckley v. Carlton, Case No. 2,093.]

[At law. Action of ejectment by the lessee of Bulkley and others against Joseph Buffington. Verdict for defendant.]

Mr. Smyth, for plaintiffs.
Mr. Vinton, for defendant.

OPINION OF THE COURT. This is an action of ejectment to recover certain lots in the Ohio Company's purchase. The plaintiff gave in evidence a deed from Loomis, a bankrupt, to Roger Bulkley, the ancestor of the lessors of the plaintiff, under whom they claim as heirs. The bankruptcy proceeding was under the law of 1800. The commissioners, under the act, found that the act of bankruptcy was committed since the 1st of June, 1800. There was no evidence of the delivery of the deed, except the fact of its having been recorded in 1799. A copy of this record is the evidence given of the deed. Loomis, the bankrupt, after the deed purports to have been executed, applied for the benefit of the bankrupt law, and on his schedule this identical land was stated as a part of his property. The bankrupt swore to the truth of his schedule, and obtained a discharge from his debts, under the act.

The court instructed the jury that the deed from Loomis to Bulkley, was subject to strong suspicions. Loomis was proved to have been the relative of Bulkley. The deed was executed a short time before Loomis took the benefit of the bankrupt act. He is proved to have been largely insolvent. No taxes have been paid by the lessors of the plaintiff. No claim was set up for the land under the deed for fifty years. If the deed made by Loomis was bona fide, and for a valuable consideration, which put the land beyond the reach of his creditors, Loomis committed purjury in swearing to the truth of his schedule, on which this land was stated as a part of his property, and to which his creditors were entitled. But if the deed were made in fraud of creditors, the bankrupt was bound to place the land upon his schedule, for the use of his creditors; and in this view he acted correctly in stating it as a part of his property and in swearing to it. The recording of a deed by the grantor, under circumstances which create no suspicion of fraud, may be considered evidence of delivery. But there are strong circumstances of fraud in this case. Loomis, at the time he executed the deed, was insolvent, and it was executed a short time before he took the benefit of the bankrupt law. The deed was made to his relative, and as far as appears in the case, neither the grantee nor his heirs set up any claim of title to the land for fifty years; nor is it shown that they paid the taxes. And, in addition to these circumstances, Loomis claimed the land as his property, placing it upon his schedule, and verified the truth of his schedule by oath. It is for you, gentlemen of the jury, to say, whether the first deed was not executed by the bankrupt, with the view to defraud his creditors. He may afterward have relented, and endeavored to avoid the fraud, by placing the land on his schedule, for the benefit of his creditors and the peace of his conscience. If the facts lead you to this conclusion, gentlemen of the jury, you will find the defendant not guilty.

Verdict of not guilty.